IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN B. TUCKER,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; ASSISTANT UNITED STATES ATTORNEY CARLOS ESQUEDA; FEDERAL BUREAU OF INVESTIGATION SPECIAL AGENTS GREGORY ROGERS AND MICHAEL ANDERSON; AND JOHN DOES AT THE UNITED STATES ATTORNEY'S OFFICE,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:12CV409 DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff's Motion for Leave to File Surreply. The court concludes that oral argument would not significantly aid the court in deciding the issues presented in Plaintiff's Motion. Having fully considered the motion and memoranda submitted by the parties and the facts and law relevant to this motion, the court enters the following Order.

### BACKGROUND

On April 11, 2013, Defendants filed a motion to dismiss Plaintiff's action under Fed.R.Civ.P. 12(b)(1) and (6). With respect to Plaintiff's Fifth Amendment claim, Defendants argue the claim should be dismissed for three reasons: (1) there is no waiver of sovereign immunity for a suit for damages against the United States or its officers based on a constitutional violation; (2) Plaintiff's claim is too late because he knew in December 2007 that the $7, 834.40 had been returned to Zions Bank, but he failed to file his lawsuit within four years; and (3)

Plaintiff cannot overcome qualified immunity or absolute prosecutorial immunity because he cannot show a constitutional violation, and he had an adequate remedy but failed to avail himself of it. As to Plaintiff's Fourteenth Amendment claim, Defendants assert it should be dismissed because the court lacks jurisdiction, as all the defendants are federal officers. Finally, Defendants argue Plaintiff's Administrative Procedure Act claim should be dismissed because he is not challenging agency actions and is seeking damages.

On May 23, 2013, Plaintiff responded to each of Defendants' arguments. First, Plaintiff argues there was a waiver of sovereign immunity for claims under the Fifth Amendment against the United States and its officers in their official capacities because Defendants allegedly violated clearly established laws and procedures. Second, Plaintiff claims his Fifth Amendment claim was not too late because he did not find out about the alleged constitutional violation until May 18, 2010. Third, he contends Defendants are not entitled to qualified immunity because he was unlawfully deprived of his property and had no adequate remedy. Fourth, he claims that the United States waived its sovereign immunity because he submitted an administrative claim in February 2007 requesting compensation for the money that had been returned to Zions Bank. Fifth, he asserts that his Fourteenth Amendment claim should not be dismissed because there are John Does who may be state employees. Finally, he argues that the APA provided waiver of sovereign immunity because he was not seeking damages, but an order from the court to get the money returned and was challenging an agency's failure to act.

Defendants responded to Plaintiff's arguments. First, Defendants rebutted Plaintiff's responses regarding his Fifth Amendment claim by arguing: (1) Plaintiff's argument does not waive sovereign immunity against the United States and its officers in their official capacity; (2) by conceding that he was not aware of the return of the money in February 2010, Plaintiff was

far too late to bring this action; and (3) even taking Plaintiff's version of facts as true, he still had a post-deprivation remedy, which shows that he cannot overcome qualified immunity. Second, Defendants contend that even assuming Plaintiff's February 2007 letter can be deemed an administrative claim, he did not file a tort claim with the court within six months of receiving the denial of his claim which is required to invoke the FTCA's waiver of sovereign immunity. Third, Defendants argue that none of the John Does could be state actors because Plaintiff is suing only those under control of the United States Attorney's Office, which makes them federal officers and, therefore, outside the Fourteenth Amendment. Finally, Defendants assert Plaintiff's allegations that the United States failed to act did not waive the United States sovereign immunity under the Administrative Procedure Act because litigation decisions are not agency action.

## DISCUSSION

### Motion for Leave to File Surreply

Plaintiff argues that the court should grant him leave to respond to Defendants' Reply. Plaintiff contends that Defendants have made wholesale changes to their arguments and facts—namely, abandoning their original defense for an alternative theory of defense and making new erroneous statements of fact.

The court may permit the filing of a surreply at its discretion. *Baptist Mem'l Hosp. v. Sebelius*, 765 F. Supp. 2d 20, 31 (D.D.C. 2011). In general, a court will grant the nonmoving party an opportunity to file a surreply brief if it has not had the opportunity to respond to new evidence or new legal arguments presented by the moving party in a reply memorandum. *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (citing *Beaird v. Seagate Tech.*, 145 F.3d 1159, 1164 (10th Cir. 1998)). Before filing a surreply, a party must request the Court's

permission to do so. *Standford v. Potomac Elec. Power Co.*, 394 F. Supp. 2d 81, 86 (D. D. C. 2005); *see also Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 68 n. 3 (D. D. C. 2001). Additionally, "the moving party must show that the reply filed by the moving party raised new arguments that were not included in the original motion." *Longwood*, 157 F. Supp. 2d at 68 n.3.

Plaintiff's Motion for Leave to File Surreply fails to offer a justifiable reason upon which the Court might grant the leave requested. Plaintiff alleges that Defendants have made new arguments and erroneous statements of fact in their Reply brief which were not included in the original motion. However, Plaintiff does not identify any erroneous facts or new arguments to which he believes he is entitled to respond. In fact, Plaintiff's motion is devoid of any facts to support his legal argument. Therefore, the Court concludes Plaintiff has not met his burden to establish that leave to file surreply is justified.

Furthermore, even assuming arguendo that Plaintiff had identified arguments and facts he believed to be new, Defendants have successfully demonstrated that they do not raise any new legal arguments but merely rebut the arguments Plaintiff makes in his response.

## CONCLUSION

Based on the above reasoning, Plaintiff's Motion for Leave to File Surreply is DENIED.

DATED this 17th day of July, 2013.

BY THE COURT:

*/s/ Dale A. Kimball*
DALE A. KIMBALL,
UNITED STATES DISTRICT JUDGE