IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN B. TUCKER,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; ASSISTANT UNITED STATES ATTORNEY CARLOS ESQUEDA; FEDERAL BUREAU OF INVESTIGATION SPECIAL AGENTS GREGORY ROGERS AND MICHAEL ANDERSON; AND JOHN DOES AT THE UNITED STATES ATTORNEYS OFFICE,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:12CV409DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Defendants' motion to dismiss. The court concludes that oral argument would not significantly aid the court in deciding the issues presented in Defendants' motion for summary judgment. Having fully considered the motion, memoranda, and the facts and law relevant to this motion, the court enters the following Memorandum Decision and Order.

## BACKGROUND

On February 20, 2004, Plaintiff, Brian Tucker, aided and abetted a bank robbery by placing a bomb underneath a car and calling a bomb threat into police across town from where his partners in crime were robbing a bank in Orem, Utah. On March 5, 2004, Plaintiff assisted

his partners in robbing Zions Bank in Herriman, Utah. Plaintiff and his partners stole $78,000 from the bank, which they shared.

After being arrested, Plaintiff pled guilty to aiding and abetting armed bank robbery, aiding and abetting bank robbery, using and carrying a firearm in relation to a crime of violence, and using an explosive to commit a felony. Consequently, he was sentenced to twelve years incarceration. In addition, because of the "Money" he and his partners stole, Plaintiff was ordered to pay $65,435.87 in restitution jointly and severally with his partners in crime. During the sentencing hearing, Judge Benson instructed the United States to return what it had seized as evidence from Plaintiff's bank accounts, including the Money, as restitution to the banks that he had helped rob.

After sentencing, Plaintiff filed several post-conviction motions and appeals with this Court and the Tenth Circuit. Most notably, on December 26, 2007, he filed a motion under 28 U.S.C. § 2255 alleging that Judge Benson's order to return the Money to Zions Bank as restitution was improper because there was an alleged third party claim to the Money. Judge Benson rejected Plaintiff's motion and ruled that seizing and returning the Money was proper because at sentencing he had instructed the United States to return to Zions Bank all of the money that it had seized from Plaintiff's bank accounts. Although Plaintiff appealed Judge Benson's decision, he did not appeal the ruling regarding the illegality of returning the Money to Zions Bank.

Despite being ruled against by Judge Benson, Plaintiff is again asserting a cause of action seeking reimbursement from the United States for the Money that it seized as evidence and later returned to Zions Bank as restitution. Plaintiff claims that by returning the Money to Zions Bank as restitution, Defendants: (1) violated his Fifth Amendment right to due process under *Bivens v.*

*Six Unknown Named Agents*, 403 U.S. 399 (1971); (2) should compensate him under the Federal Tort Claims Act ("FTCA"); (3) violated the Fourteenth Amendment under *Bivens*; and (4) ran afoul of the Administrative Procedure Act ("APA").

## DISCUSSION

### Defendants' Motion to Dismiss

Defendants have filed a motion to dismiss Plaintiff's claims under 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Court lacks subject-matter jurisdiction over the Plaintiff's claims and that the Plaintiff's first claim should be dismissed for failure to state a claim upon which relief can be granted.

### A. Defendants' Motion to Dismiss Plaintiff's Fifth Amendment Claim

Defendants argue that Plaintiff's Fifth Amendment claim should be dismissed because the United States has not waived its sovereign immunity for Plaintiff's claim against it or its officers and, thus, the court does not have jurisdiction over the claim. Congress has not unequivocally waived sovereign immunity for alleged Fifth Amendment violations of clearly established laws and procedures. *See Lane v. Peña*, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text"). Moreover, no *Bivens* remedy is available against the United States or its agencies. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). And no *Bivens* claim may be brought against a public official tortfeasor in her official capacity:

> [t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity. Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States. Because a *Bivens* claim may not be brought directly against the United States as such, an "official capacity *Bivens* suit" would be an oxymoron.

*Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (internal citations omitted).

3

Plaintiff claims that this Court has jurisdiction over his Fifth Amendment claim because the United States has waived its sovereign immunity to all the Federal Defendants by violating clearly established laws and procedures, and because Government officers can be sued in their individual capacities through a *Bivens* action. However, this Court concludes the United States has not waived its sovereign immunity for Plaintiff's Fifth Amendment claim against it or its officers because no *Bivens* remedy is available against the United States, its agencies, or its employees in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). The Court further finds that the Federal Government has not unequivocally waived its sovereign immunity for Plaintiff's allegation that the government violated clearly established laws and procedures. Therefore, this Court does not have jurisdiction over Plaintiff's official-capacity Fifth Amendment claim.

Defendants further assert that Plaintiff's individual-capacity Fifth Amendment claim should be dismissed for failure to state a claim upon which relief can be granted based on the following grounds: (1) Plaintiff's lawsuit is too late because the limitations period in which he is able to bring his claim has passed; and (2) Messrs. Esqueda and Rogers are not subject to suit because of qualified immunity, and Mr. Esqueda is entitled to absolute prosecutorial immunity.

With respect to the statute of limitations, Plaintiff was aware of the alleged constitutional violation no later than February 2007, when he filed what he calls "an administrative remedy complaint" demanding the return of his money. Under the applicable four-year statute of limitations period, Plaintiff has until February 2011 to file his claim. *See Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (stating that limitation period for civil rights action in Utah is four years). Plaintiff, however, did not file the claim until May 2012. Moreover, there is no support for Plaintiff's claim that Rule 41(g) of the Federal Rules of Criminal Procedure tolls a limitations

period for alleged constitutional violations. Plaintiff's claim began to run on the day he knew or had reason to know of the injury which is the basis of his action. Accordingly, Plaintiff's claim is barred by the statute of limitations.

In addition, Defendants have demonstrated that they are entitled to qualified immunity. Plaintiff cannot show a violation of a clearly established constitutional right because he had an adequate post-deprivation remedy. Plaintiff's individual capacity claims, therefore, are dismissed for failure to state a claim upon which relief can be granted.

**B. Defendants' Motion to Dismiss Plaintiff's FTCA Claim.**

Defendants assert that Plaintiff's FTCA claim should be dismissed because the court does not have jurisdiction over his claim due to his failure to exhaust his administrative remedies by first presenting a claim for a sum-certain amount to the Department of Justice. As a condition of waiver of sovereign immunity, the FTCA requires that a claimant exhaust her administrative remedies by first presenting her claim to the appropriate agency. 28 U.S.C. § 2675(a). Moreover, a claimant must commence a civil action against the United States within six months of the date that the "notice of final denial of the claim" was mailed to the claimant. 28 U.S.C. § 2401(b). If the claimant fails to file his claim within six months, his or her tort claim is "forever barred." *Id.*

Plaintiff argues that this Court has jurisdiction over his FTCA claim because he provided an administrative claim in February 2007 by sending a letter to the United States Attorney's Office in which he sought damages in the amount of $7,834.40. Plaintiff further claims that Mr. Esqueda rejected his administrative claim on February 27, 2007, and as a consequence he has exhausted his administrative remedies.

Even if Plaintiff's February 2007 letter met the requirements of an administrative claim, this Court still lacks jurisdiction over Plaintiff's FTCA claim. Plaintiff admits to receiving a

5

denial letter from Mr. Esqueda dated February 28, 2007, giving notice of final denial of his administrative claim. Plaintiff failed to respond to this denial by filing a civil action against the United States within six months of his receipt of this notice. Instead, Plaintiff waited nearly five years before filing his current FTCA claim. Because Plaintiff did not file a civil action against the United States within six months of his administrative claim's denial by Mr. Esqueda, his FTCA action is barred. Therefore, the Court does not have jurisdiction over Plaintiff's FTCA claim.

**C. Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment Claim.**

Defendants contend that Plaintiff's Fourteenth Amendment claim should be dismissed for two reasons: (1) the United States has not waived its sovereign immunity for either it or its officers, while acting in their official capacities, and (2) even if Plaintiff attempted to argue that he was bringing his Fourteenth Amendment claim against the individual Defendants in their individual capacities, this Court would still lack jurisdiction because the Fourteenth Amendment does not apply to federal officers.

A *Bivens* cause of action cannot be brought against a federal agency of the United States, and sovereign immunity shields the federal government and its agencies from suit. *Meyer*, 510 U.S. at 475, 486. A plaintiff cannot bring a *Bivens* claim against federal officers for actions taken in their official capacities. *Farmer*, 275 F. 3d at 963. Further, no constitutional tort action under the Fourteenth Amendment may be brought against a federal officer. *Erickson v. United States*, 976 F.2d 1299, 1301 n. 1 (9th Cir. 1992) ("We are aware of no authority approving a constitutional tort action against a federal official for a violation of the fourteenth amendment, which applies by its terms only to state action."); *Wilson v. City of Cherry Hill*, 201 WL 3651274, *7 (D. N.J. August 18, 2011) ("Officer Player is correct that the Fourteenth

Amendment does not apply to Plaintiff's claims against him as a federal officer."); *Russo v. Glasser*, 279 F. Supp. 2d 136, 142 (D. Conn. 2003) (dismissing plaintiff's Fourteenth Amendment claim against federal officers because "[t]he Fourteenth Amendment applies to state action and not federal action"); *Weiss v. Marsh*, 543 F. Supp. 1115, 1119 (M.D. Ala. 1981) ("To the extent that Plaintiff's equal protection claim arises under the Fourteenth Amendment, the allegation is meritless since that Amendment, by its terms, does not apply to federal officials."); *Jones v. Dist. of Columbia*, 424 F. Supp. 110, 111 (D.D.C. 1977) ("[S]ince the fourteenth amendment was designed to apply only to states and not to territories such as the District of Columbia, Congress lacked the power under the fourteenth amendment to create a cause of action against federal officers.").

Plaintiff argues that the Court should not dismiss his Fourteenth Amendment claim because he has alleged several John Does violated his constitutional rights. He further contends that his action should be permitted to continue to discovery because he has no way of knowing whether these John Does are federal or state actors. However, the several John Does that Plaintiff includes in his complaint are actors working under the direction of the United States Attorney's Office and, as such, are federal officers. Moreover, the United States has not waived its sovereign immunity for either it or its federal officers to be sued in their official capacities. Accordingly, this Court does not have jurisdiction over Plaintiff's Fourteenth Amendment claim.

**D. Defendants' Motion to Dismiss Plaintiff's APA Claim.**

Defendants' argue that Plaintiff's APA claim should be dismissed because this Court lacks jurisdiction over his APA claim as he is not challenging any type of agency action, and he is seeking damages, which the APA cannot provide.

The APA provides a limited waiver of sovereign immunity that allows a court to review "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court . . . ." 5 U.S.C. § 704. Agency means "each authority of the Government of the United States," but does not include "the courts of the United States." 5 U.S.C. § 551(1). Agency action includes "the whole part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

Plaintiff claims that this Court has subject-matter jurisdiction because the United States Attorney's Office's alleged agency action is its failure to submit the Money to the forfeiture proceeding before returning it to Zions Bank. Plaintiff also claims this Court has subject matter jurisdiction because he is not seeking money damages, but an injunction ordering that the funds be returned to him.

However, neither of these arguments demonstrates this Court has jurisdiction over his claims. First, Plaintiff's argument that the United States has failed to act by not submitting the Money to a forfeiture proceeding before returning it pertains to the United States' litigation decision to return the money to Zions Bank. Litigation decisions are not agency decisions that can be reviewed under the APA. *Watts v.* SEC, 482 F.3d 501, 507 (D.C. Cir. 2007). ("Litigation decisions by agencies . . . are not the kinds of agency determinations that are channeled to courts of appeals under direct-review statutes."); *Grante Cnty. Sands Irrigation Dist. v. United States*, 539 F. Supp. 2d 1292, 1298 (E.D. Wash. 2008) (holding that the Department of Justice's decision to file an answer to a civil complaint is not a "reviewable final agency action").

Second, assuming *arguendo* that the United States' litigation decisions constitute "agency action" under the APA, section 701 of the APA expressly precludes judicial review of "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2) (2006). The United

8

States' litigation decisions constitute "agency action committed to agency discretion by law," which precludes their review. *Morrison v. U.S. Dep't of Labor*, 713 F. Supp. 664, 669 (S.D.N.Y. 1989) ("Because this discretionary authority of the Justice Department is absolute, the Court agrees with the federal defendants that . . . litigation decisions . . . are not reviewable under the Administrative Procedure Act.").

Finally, even if the United States' litigation decisions were agency actions that were subject to review, there is still no waiver of sovereign immunity under the APA, where, as here, there is an adequate remedy in a court. The APA only allows judicial review if "there is not other adequate remedy in court." 5 U.S.C. § 704. As shown above, Plaintiff had the opportunity to obtain relief from Judge Benson and the Tenth Circuit but failed to do so. Therefore, even if the United States' litigation decisions are reviewable agency actions, the availability of an adequate remedy in court precludes review under the APA. Accordingly, there is no waiver of sovereign immunity for Plaintiff's APA claim. Accordingly, Plaintiff's APA claim is dismissed.

## CONCLUSION

Based on the above reasoning, Defendants' Motion to Dismiss is GRANTED.

DATED this 19th day of August, 2013.

BY THE COURT:

_____
DALE A. KIMBALL,
UNITED STATES DISTRICT JUDGE